UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Eric Tolliver

---

*(In the space above, enter the full name(s) of the plaintiff(s).)*

-against-

**Dr. W. Sidorowicz**

**Nurse Judith Camara**

---

---

---

---

---

---

---

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identified to those contained in Part 1. No Addresses should be included here.)*

# 16 CV 0559

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. §1983
(Prisoner Complaint)

Jury Trial: ☐ Yes **xx** No
(check one)

RECEIVED JAN 25 AM 9:33 SDNY PRO SE OFFICE

## I.    Parties in this complaint:

A    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name **Eric Tolliver**
ID # **94-B-1563**
Current Institution **Sullivan Correctional Facility**
Address **325 Riverside Drive, P.O.Box 116**
**Fallsburg, New York 12733**

B    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name **Dr. W. Sidorowicz**    Shield # ____
Where Currently Employed **Sullivan Correctional Facility**
Address **325 Riverside Drive, P.O.Box 116**
**Fallsburg, New York 12733**

Defendant No. 2

Name **Nurse Judith Camara** _____ Shield # _____
Where Currently Employed **Sullivan Correctional Facility**
Address **325 Riverside Drive, P.O.Box 116**
**Fallsburg, New York 12733**

Defendant No. 3

Name _____
Where Currently Employed _____ Shield # _____
Address _____
_____

Defendant No. 4

Name _____
Where Currently Employed _____ Shield # _____
Address _____
_____

Defendant No. 5

Name _____
Where Currently Employed _____ Shield # _____
Address _____
_____

## II.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.     In what institution did the event rise to your claim(s) occur?

**Sullivan Correctional Facility**

B.     Where in the institution did the events giving rise to your claim(s) occur?

**At the Facility Clinic-Hospital**

C.     What date and approximate time did the events giving rise to your claim(s) occur?

**December 4,2014, December 6, 2014, December 8, 2014,**
**December 11, 2014, December 29, 2014, December 30, 2014,**
**March 9, 2015, April 8, 2015 and April 9, 2015.**

D.   Facts: **On all the above dates both Dr. Sidorowicz and, Nurse Camara was deliberate indifference to plaintiff's**

| | |
|---|---|
| What happened to you | **serious medical needs in their failure to timely diagnose, order an (MRI), refer, and treat the swollen and pain of plaintiff's leg, prescribed inappropriate medication which, leads to plaintiff developing (BLOOD-Clots).** |
| Who did what | **Dr. Sidorowicz failed to treat and order a (MRI) for Plaintiff's leg which leads to plaintiff developing blood-clots. Nurse Carama take away plaintiff's cane even thou** |
| Was anyone else involved | **she could see that plaintiff leg was swollen and plaintiff could not walk properly, she also refused to treat and order that an (MRI) be done on plaintiff's leg. (See, plaintiff's detailed argument and complaint attached hereto as Exhibit-A). Nurse Carama after taking away the cane from plaintiff falsely stated in plaintiff's medical record that plaintiff was walking fine without the thecane.** |
| Who else saw what happened? | **Officer Wilson, Officer Evens, several inmates plus inmate E. Brody # 08-A-5968, several other officers and Nurses, their names I do not know at this time.** |

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. **develop life threatening blood-clots several blacked-out that causes concussions and bruising's, extreme pain and swilling to my left leg, two weeks admission in both Catskill and Albany Hospitals, several days in the (Critical Care Unit), have to be on blood-tinnier that causes serious side effects (blurred vision, light-headedness, blacked-out spells, drawing of blood for several months each day).**

## IV.   Exhaustion of Administrative Remedies:

The Prisoners Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires that"[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted". Administrative remedies are also known as grievance procedures.

A.   Did you claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes **X**   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

**Metropolitan Correctional Center (MCC) and Sullivan Correctional Facility.**

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

    Yes **x**    No    Do Not Know    

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

    Yes    No **x**    Do Not Know    

    If YES, which claim(s)?    **none**

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

    Yes **x**    No    

    If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    Yes **x**    No    

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

**Sullivan Correctional Facility and MCC.**

    1.    Which claim(s) in this complaint did you grieve? **all and every claim.**

    2.    What was the results, if any? **nothing was done about my complaint, at no time and my grievance was denied.**

    3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. **I did appeal to the highest level of the grievance process and my grievance was denied.**

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here: **I did file my grievance.**

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any: __I did file my grievance but my grievance was denied without solving my problims.__

___

___

___

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. __I did all that was needed to grieved and exhaust all my complaints and appeal my grievance to the highest level.__

___

___

___

___

___

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies. __(See. Exhibit-A attached hereto).__

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount. __Monetary compensation in the amount of 21-Million Dollars. and Injunction be issued out on the medical department at Sullivan Correctional Facilty and their staff in__

__that they start provide proper medical treatment to inmates at that Facility, in also finding that both defendants in the present case was deliberate indifference to plaintiff's serious medical__

__needs in violation of plaintiff's Eight Amendment Right against Cruel and Unusual punishment.__

___

___

___

___

___

## VI.   Previous Lawsuits:

| On these claims |
|---|

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _X__ No ___

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff **Eric Tolliver= Claimant**

Defendant's **The State of New York**

2.  Court (if federal court, name the district; if state court, name the county) **New York Court of Claims Albany New York.**

3.  Docket or Index number **Not Known Yet.**

4.  Name of Judge assigned to your case **Not Known Yet.**

5.  Approximate date of filing lawsuit **On or around January 5, 2016**

6.  Is the case still pending?  Yes **x**  No _____

    If NO, give the approximate date of disposition **not applied.**

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) **Still pending.**

_____

On other claims

C..  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes **x**  No **x**

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff _____ none **Eric Tolliver**

Defendant's **Skinner; et al.**

2.  Court (if federal court, name the district; if state court, name the county) **Federal Court Southern District.**

3.  Docket or Index number **12-CV-971 (DAB)(KNF)**

4.  Name of Judge assigned to your case **HON. Kevin Nathaniel Fox**

5.  Approximate date of filing lawsuit **2012**

6.  Is the case still pending?  Yes **x**  No _____

    If NO, give the approximate date of disposition _____

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) **still pending**

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this **19** day of **January**    , 20 **16**.

<div style="margin-left: 40%;">

Signature of Plaintiff   *E. [signature]*

Inmate Number   **94-B-1563**

Institution Address   **325 Riverside Drive**

**P.O.Box 116**

**Fallsburg, N.Y. 12733**

**Sullivan Corr. Fac.**

</div>

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and address.

I declare under penalty of perjury that on this **19** day of **January**    , 20**16**, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

<div style="margin-left: 40%;">

Signature of Plaintiff:   *E. [signature]*

</div>

# EXHIBIT A

**FILED**

APR 2 7 2015

21689/15  22

Eric Tolliver                    Grievance Complaint                    Dated April 23, 2015
                                                                        DS-212 Cell

94-B-1563                        Sullivan Corr. Fac.

Complaint: On or about November 20, 2014, grievant was packed up and transported to the Metropolitan Correctional Center (MCC) to attend a Court Hearing that was schedule for the next day which was November 21, 2014. Upon admittance at the (MCC) facility in Manhattan, claimant's left foot drop brace was taken from him, with security staff claiming that my brace is not allowed into the facility. This brace was issued to claimant to assist him in walking due to a severe injury he sustained in the summer of 2006, that left him with a nerve damage-paralyzed drop foot. Without this brace, claimant would trip over his own foot when walking because his foot cannot raised up on its own, and this also caused a strain on the rest of the nerves and muscles. I ended up spending two (2) weeks at this (MCC) facility before returning back to Sullivan Corr. Fac. During those two weeks, because I was not allowed to wear my brace, my left leg begin to pain me, so I submitted a sick call request to see a doctor concerning the pain in my leg; I was called to the medical department down stairs in the (MCC) building, upon arriving there, I was given a chest x-ray then, thereafter, blood was drown from me claiming for checking my lungs, liver and kidneys; I was then thereafter seen by the PA-C Ms. T. Mitchell, who give me a physical examination; before I could get the results of all the tests, I was transfer back to Sullivan Corr. Fac. Upon arriving at Sullivan, I immediately submitted a sick call slip requesting to see a doctor because of the swelling and pain in my left foot and that I needed an MRI done on my leg. I was called to sick call the next day, and after showing and explaining the swelling and pain in my

leg to the nurse, all that was given to me was some ibuprofen and was told that nothing is wrong with my leg, all I have is a minor strain. After a week had past, my leg become even more swollen and painful, and beginning to change color; by this time, I could hardly walk on my foot, so I put in for an emergency sick call and was taken to the clinic in a wheelchair. Upon arriving at the clinic, a nurse looked at my foot and notice the swelling and the change of color and tell me she would put me in to see the doctor at a later date, but for now, all she could do was give me a cane to help me walk and some more ibuprofen. I was again sent back to my cell without seeing a doctor. After dropping several more sick call slips; eventually grievant was called to the clinic to see Dr. Sidorowicz. After siting and explaining all that I have been through and plead for this Dr. to give me an MRI, this Dr. notice how swelled up my foot was and the change of color to my leg, this Dr. examine my leg and said;"nothing is wrong with your leg, you just have a minor swelling, I am going to give you a stocking to make the blood circulate and some more ibuprofen pills for the pain. All these incidents take place during the months of December, January, February and March of 2014-2015. Now, on or around April 7, 2015, I beginning to feel very light-headed and short of breath; I was having trouble breathing. On April 8, 2015, at approximately 8:00 PM, I had finished watching a movie in my housing block which is D-South, I got up and walked to the toilet, once inside the toilet, I started feeling as if I was about to past-out, so I exited the toilet and was trying to get to the officers desk when suddenly I fainted and passed out; I was awaken to see several officers standing over me and telling me to stay on the ground; I follow their instructions until medical arrived and take me to the facility

hospital on a stretcher, after explaining to the nurse what had happen, my sugar level was tested and I was ordered to stay in the facility infirmary for the night. The next morning which was the 9th day of April 2015, I was seen and examine by Dr. Sidorowicz, after explaining to him what had taken place the day before, he ordered me discharged and said I was okay to go back to my cell; I asked to eat my breakfast before returning to my cell, I then walked from the infirmary room to the TV-room and sat down to eat, as soon as I sat down I fainted and passed out and fall flat on the side of my head. I was awaken to see Dr. Sidorowicz, a nurse and officers standing over me and asking if I was okay. I tell them I don't know what's going on, they all took me up and place's me to sit in a wheelchair; as I was being wheeled back to the room I passed out again, I was awaken to see said Dr. and nurse holding on to me and advised me to hold on because the ambulance is on the way. Shortly thereafter, the ambulance arrived and I was rushed to Catskill Medical Center; after several tests was done on me, one of the doctor told me that, theirs a possibility that I may die, due to the fact that both of my longs are covered with massive blood clots. I was immediately transfer to the hospital critical care unit where I spend several days until I was transfer from Catskill Medical Center to Albany Medical Center, where I under went more treatments for my blood clots. In all I spend around two (2) weeks in the Hospitals before discharging back to Sullivan Correctional Facility. Because of this injury, I am now required to take blood-tinier medication (Heparin) on a daily basis, and have my blood drown and tested on a weekly basis.

Action Requested: That because of Dr. Sidorowicz, deviation from accepted standards of medical practice, almost causes me my life; all he had was to do is follow my request to have an MRI-Scan done

on my left leg that would have caught the clots before it went to my lungs; with him knowing the history of my leg injury, it was the only right thing to do. therefore, I am asking that a different doctor be assigned as my care taker, so that this does not happen to me anymore.

Yours Truly

Dated: 4/23/2015

cc. file
    I.G. Office
    my Attorney Mr. Walters
    Superintendent

**Sidorowicz, Wladyslaw (DOCCS)**

**To:**               Terbush, Gary (DOCCS)
**Cc:**               Eggler, Virginia L (DOCCS); Williams, Gail (DOCCS)
**Subject:**      Tolliver,E. 94-B-1563

Reference: Grievance SUL/21689/15

Date: 4/29/15

Inmate Tolliver,E. 94-B-1563 request to be assigned   another doctor  can not be issued.

Treatment plan was already order by AMC specialist and inmate has been schedule to be evaluated
By   specialist who can advise if any tests are indicated.
Inmate can  refuse treatment from FHSD and he can request N.P.follow up for future management .

Please be aware that inmate sickness could be related to not wearing compression stocking as  was
recommended
Or to another conditions like increase blood thrombosis from unknown disease which he will be
evaluate by pulmonary
Specialist .

# Wladyslaw Sidorowicz, MD

FHSD
**Department of Corrections and Community Supervision**
Sullivan Correctional Facility
Box 116
Fallsburg, NY  12733
(845) 434-2080, ext. 6126 I wladyslaw.sidorowicz@doccs.ny.gov

www.doccs.ny.gov

1

FORM 2131E (REVERSE)  (REV. 6/06)                    5/7/15

Response of IGRC:

DL/PT

REPS: This committee recommends that grievant follow through
with the treatment plan, as he will be seen by a specialist.
Also, we recommend for grievant not to refuse any treatment,
this refusal will be used against him in the future when tries
to ontain medical treatment. Due to the grievant's claim that
the doctor failed to properly follow the accepted standard of
medical practice which he believes contributed to his condition,
this doctor should  not treat this inmate. STAFF: Dr. Sidorowicz
is the facility's doctor. Scheduled tests were place and condi-
tion is being monitored. According to the Dr. the inmate did
not wear the compressed sock.

Date Returned to Inmate ___5/8/15___          IGRC Members _____

Chairperson _____                  _____
                                             W BEACH
                                             B. Green

Return within 7 calendar days and check appropriate boxes. *

☐ I disagree with IGRC response and wish to       ☑ I have reviewed deadlocked responses.
  appeal to the Superintendent.                     Pass-Thru to Superintendent

☐ I agree with the IGRC response and wish to      ☐ I apply to the IGP Supervisor for
  appeal to the Superintendent.                     review of dismissal

Signed _____                        _5/7/15_
          Grievant                                  Date

_____                               _5/7/15_
Grievance Clerk's Receipt                           Date

To be completed by Grievance Clerk.

Grievance Appealed to the Superintendent _____
                                              Date

Grievance forwarded to the Superintendent for action _5/8/15_
                                                          Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. 21689/15 | DATE FILED 04/27/15 |
|---|---|---|
| | FACILITY Sullivan CF | POLICY DESIGNATION I |
| INMATE GRIEVANCE PROGRAM SUPERINTENDENT | TITLE OF GRIEVANCE Wants MRI/does not want to see FHSD | CLASS CODE 22 |
| | SUPERINTENDENT'S SIGNATURE *EBurnett A/Supt* | DATE 5/11/15 |
| GRIEVANT Tolliver, E. | DIN 94B1563 | HOUSING UNIT DS 212 |

Grievance SUL 21689-15 has been investigated by FHSD. Per the investigation, the grievant is scheduled to meet with FHSD and will discuss his medical issues. The FHSD will follow up with any necessary medical treatment, as appropriate.

Based on the above the grievance is denied.

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

I disagree with this decision because you did not address my issues of the complaint, this doctor was negligent in malpractice that almost causes me my life because he refused to ordered an (MRI) for my foot, which causes the blood clots.

*E. tr*
GRIEVANT'S SIGNATURE                          5/11/15  DATE

GRIEVANCE CLERK'S SIGNATURE                   DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733


Dated September 20,2015


Ms. Karen Bellamy, Director
Inmate Grievance Program
Department of Correctional & Community Supervision
Harriman State Campus, Building #2
1220 Washington Avenue
Albany, New York 12226-2050


Dear Ms. Bellamy:

Very good day to you. I am writing to you about a serious issue that is going on at this Sullivan Correctional Facility.

Ms. Bellamy, I have filed my Grievance # **21689**, concerning medical problems I was going through and is still going through, all the way back in **April of 2015**. I then appeal this said Grievance back in **May or June 2015** to Albany, yet still my Grievance appeal have yet to leave Sullivan Facility, my Grievance is been held in the Grievance Office of the Facility.

Again Ms. Bellamy, I have filed my Grievance # **22027**, concerning my Family Reunion Program issue, from back in **August of 2015**. Upon until todays date, this Grievance is yet to be considered or make a ruling upon. This is in total violation of **Directive # 4040**, which is the Directive that governed the Inmate Grievance Program.

Therefore, I am respectfully asking you Ms. Bellamy, to kindly intervene, and find out why is it that my Grievance are not being ruled upon.

Thanks for your time in this important matter Ms. Bellamy, may GOD bless and keep you safe, I awaits your response, have a bless

page (1) of (2)

day.

                                        Yours Truly

cc.file
    Acting Commissioner Annucci
    Sullivan IGRC Office

Mr. Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733


Dated: December 21, 2015


Ms. Karen Bellamy, Director
Inmate Grievance Program
Department of Corrections and
Community Supervision
The Harriman State Campus-Building-2
120 Washington Avenue
Albany, New York 12226-2050


RE: Request Status of my Grievances

Dear Ms. Bellamy:

Very good day to you. I am writing to you wanting to know please could you tell me the status of my grievances numbers (21689/15) Titled (**wants MRI/ does not want to see FHSD**); second grievance number (**22027/15**) titled (**Staff conspiracy, retaliation, wants FRP**).

The first mention grievance was filed on or around **April 27, 2015**, and was appeal by me to C.O.R.C. on **May 11, 2015**. It have been over (**6-months**) now since my appeal and I have not got an decision.

The second grievance was filed on or around (**August 12, 2015**), and was appeal by me to C.O.R.C. on **October 20, 2015**. It have been over (**2-months**) now since my appeal and I have not got a decision, According to the inmate grievance Directive-4040, I.G.R.C. do have (**16-days**) to held a hearing from the filing of the grievance, after that, the Superintendent have (**20-days**) to render a decision from the inmate's appeal, then C.O.R.C. have (**30-days**) to make the final decision from the dated of the inmate's appeal. In all, it is a total

of (66-days) in total to complete and make a final decision on the inmates grievance, it have been over (7-months) now since the filing of my first grievance and C.O.R.C. have yet to make a final decision on any of these mention grievances, therefore, if I do not get an answer to these mention grievances within the next (14-days) of this letter, I will take your non-response and non-decision as a denial of both of my grievances, and consider both grievances exhaust.

Ms. Bellamy, thanks very much for your time in this matter, I awaits your response-decisions on this matter, have yourself a bless day.

Very Truly Yours

cc. file
    I.G.R.C. Supervisor
    facility Superintendent

Eric Tolliver, 94-B-1563
Sullivan Correctional Facility
325 Riverside Drive
P.O.Box 116
Fallsburg, New York 12733

LEGAL   MAIL



USMP3
SDNY

049J8202518B

$03.180

Mailed From 12733
01/20/2016
US POSTAGE

SULLIVAN CORR. FAC.

Nneopost

TO: Pro Se Clerk
United States District Court
Southern District Of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RECEIVED
SDNY PRO SE OFFICE

2016 JAN 25   AM 9: 34